[No. 2,606.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* JOHN NYLAND.

CONSTITUTIONAL CONSTRUCTION—MUNICIPAL COURT OF SAN FRANCISCO. The Municipal Criminal Court of San Francisco, established by Act of the Legislature March 31st, 1870, is a constitutional Court. (*Ex Parte* John Stratman, 39 Cal. 517, affirmed on this point.)

IDEM—COUNTY COURT—RIGHT OF APPEAL.—The provision in section eight, Article VI, of the Constitution, giving to the County Courts appellate jurisdiction in cases arising in such inferior Courts as may be established in pursuance of section one, of the same Article, is not a guaranty of individual right; but either confers the absolute right of appeal from the Municipal Court to the County Court, or confers upon the latter the capacity to exercise the jurisdiction, when the Legislature shall provide the mode and means of doing so.

IDEM.—The question whether the Constitution confers upon the County Court appellate jurisdiction in cases transferred from the County Court to the Municipal Court for trial is reserved.

CRIMINAL PRACTICE—EVIDENCE.—In a criminal case the prosecution may show, by other witnesses, that a witness for defendant had given a different account of what occurred at the time the offense was committed, from that testified to by the witness on the stand.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

Defendant was tried and convicted, on an indictment for robbery, in the Municipal Criminal Court of the City and County of San Francisco. Defendant then moved the Court for a new trial; the Court denied the motion; the defendant moved for an arrest of judgment; the Court denied the motion, and entered judgment; and the defendant appealed.

The other facts are stated in the opinion.

*George W. Tyler,* for Appellant.

First—Article VI, section one, of the Constitution, provides for the organization of Courts inferior in jurisdiction to the County Court in any incorporated city or town.

CAL. REPS. XLI—17

Second—Section one, of Article VI, is the only section of the Constitution permitting the organization of any Court other than Supreme, District, County, and Probate Courts, and Justices of the Peace, and therefore the Municipal Criminal Court of San Francisco must be organized under that section of the Constitution.

Third—Every citizen is entitled to all the rights guaranteed to him by the Constitution of the State.

Fourth—Section eight, of Article VI, of the Constitution, provides that an appeal shall lie, to the County Courts from all inferior Courts, organized pursuant to Article VI, section one.

Fifth—The Act organizing the Municipal Criminal Court does not provide for an appeal to the County Court, but does provide for an appeal direct to the Supreme Court.

Sixth—That the Act organizing the Municipal Criminal Court, being the later statute, repeals the first subdivision of section four hundred and eighty-one of the Criminal Practice Act, and therefore no appeal lies, from that Court to the County Court, unless the section of the Constitution, *ex propriore vigore,* gives such appeal.

Seventh—That the Constitution is not self-executing in that respect, but requires legislation to carry the right of appeal guaranteed by the Constitution into effect.

Eighth—The Legislature has no power to impair or take away the appellate jurisdiction of the County Court (*Haight* v. *Gay,* 8 Cal. 297), and therefore, inasmuch as an appeal to the County Court is not provided for by law, the Act organizing the Court is unconstitutional.

*Jo Hamilton, Attorney General,* for Respondent.

The Municipal Court of San Francisco, created by Act approved March 31st, 1870, is but an arm of the County Court. No cases originate or arise in that Court; the cases are merely transferred to it from the County Court, and its

existence does not conflict with section eight, Article VI, of the Constitution.

By the Court, TEMPLE, J.:

The first question raised on this appeal is as to the constitutionality of the Act of the Legislature which organizes the Municipal Criminal Court of the City and County of San Francisco (Stats. 1869–70, p. 528), and which confers on that Court jurisdiction to try cases of felony, and provides for no appeal to the County Court. The main question was discussed by Mr. Justice WALLACE *In Re John Stratman;* and the conclusion there arrived at, declaring the Court constitutional, we fully indorse and approve.

In this case it is claimed that, although the Legislature has the power to establish such a Court, and confer upon it jurisdiction to try such cases, yet, in doing so, it must provide for an appeal to the County Court from its judgments; that the Court was organized by virtue of the power conferred upon the Legislature by section one, Article VI of the Constitution, and that section eight of the same Article gives to the County Courts appellate jurisdiction of all cases arising in the Courts authorized by section one; that the defendant is entitled to all the rights guaranteed to him by the Constitution, one of which is, that if convicted in one of the Courts organized under section one, he shall have the right to appeal to the County Court, and there have a trial *de novo;* that the Act in question provides for trials and convictions in the Municipal Court, but has not provided for an appeal to the County Court; that in this it attempts to deprive the County Court of some portion of its constitutional jurisdiction, and denies to parties tried and convicted in the Municipal Court a right secured by the Constitution, and is, therefore, void.

Admitting all the premises of counsel, I fail to see the

logical necessity of the conclusion. If the clause of the Constitution is self-executing, there is no foundation for the argument for the right of appeal, and the power of the Court to entertain it exists under the law. If the constitutional provision is not self-executing, then it merely confers upon the County Court the capacity to exercise the jurisdiction when the Legislature shall provide the means of exercising it. The provision is in no sense a guaranty of individual right. It is a grant of power to the Court, which possibly creates a corresponding duty upon the part of the Legislature to provide the mode and means of its exercise.

The question whether the Constitution confers upon the County Court appellate jurisdiction in cases transferred from the County Court to the Municipal Court for trial does not necessarily arise; and, as very little discussion has been had upon that part of the case, the question is reserved.

All the evidence given by the witness Harmon appears to be set out in the record. Upon an examination we fail to find anything which could have been of the slightest benefit to the defendant. It, therefore, could not have injured him to allow the witness to be impeached. The witness was called by the prosecution, and simply proved that he knew nothing whatever concerning the case.

There was no error in allowing the prosecution to show by other witnesses that Mrs. Nyland, the wife of defendant, had given a different account of what occurred at the time of the robbery from that testified to by her while on the stand. There is no question as to the relevancy of such testimony. (1 Greenl. Ev., Sec. 462.)

Judgment affirmed.

Neither Mr. Chief Justice RHODES nor Mr. Justice SPRAGUE expressed an opinion.